U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 4 2018
CLERK, U.S. DISTRICT COURT
By_____
     Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: <br> RUBY RAMOS, <br><br> Debtor, | Case No. 17-40902-RFN13 <br> Chapter No.: 13 |
| MOJTABA BONAKDAR, <br><br> Appellant, <br><br> VS. <br><br> RUBY RAMOS, <br><br> Appellee. | Adversary No. 17-04048-RFN <br><br> District Court Case <br> No. 4:17-CV-1002-A |

MEMORANDUM OPINION AND ORDER

This action is before the court as an appeal from a judgment of the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, the Honorable Russell F. Nelms presiding. Having considered the briefs of appellant, Mojtaba Bonakdar, and appellee, Ruby Ramos (hereinafter "debtor"), the record on appeal, and applicable authorities, the court finds that the bankruptcy court's judgment should be affirmed.

I.

Jurisdiction

This is an appeal from a bankruptcy court judgment signed November 30, 2017. This court's jurisdiction exists under 28 U.S.C. § 158(a).

II.

## Underlying Proceedings

On May 8, 2009, debtor and her husband signed a real estate lien note in the principal amount of $85,000.00 for the purchase of property at 4026 Moonlight Court, Arlington, Texas (the "property"). Doc.[1] 8-2 at PageID[2] 200. The note was due and payable to appellant in 36 equal monthly installments of $799.94, including principal and accrued interest, with the first installment due June 1, 2009, and continuing on the first day of each month through May 1, 2012, when all unpaid principal and interest would be due and payable in full. Id. The note was secured by a deed of trust signed the same day. Id. at PageID 196-99. In return, appellant executed a warranty deed with vendor's lien. Id. at PageID 201-02.

In March 2017, appellant attempted to foreclose the lien on the property and debtor filed her Chapter 13 voluntary petition. On May 24, 2017, debtor filed the above-referenced adversary proceeding to determine the validity of any liens against the property. She alleged that the note had matured on May 1, 2012,

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

[2] The "PageID __" reference is to the page number assigned by the court's electronic filing system.

2

and that the time for enforcing the lien had expired. Adv. Doc.[3] 1. Appellant filed an answer to the adversary asserting as an affirmative defense that debtor was "precluded from asserting some or all of the claims and/or obtaining some or all of the relief requested . . . because the claims [were] barred by Debtor's acknowledgement of the secured debt." Adv. Doc. 6 at 2, ¶ 12. Appellant did not assert a counterclaim.

The bankruptcy court tried the adversary proceeding on November 21, 2017. Doc. 8-2 at PageID 299. At the beginning of the proceeding, the bankruptcy court accepted and signed the joint pretrial order, Adv. Doc. 15. Doc. 802 at PageID 304. Pertinent to this appeal, the parties stipulated that: The note matured on May 1, 2012, and the entire remaining balance became due and payable. Adv. Doc. 15 at 2, ¶ 5. Debtor continued to submit money orders to appellant for fifty-eight additional months. Id. at ¶ 6. The money orders were signed by debtor and bore statements such as "payment for December" and "house payment." Id. at ¶ 7. Before debtor's bankruptcy filing, her husband executed a deed giving any rights he had in the property to debtor. Id. at ¶ 9. Debtor listed appellant as a secured creditor in her Chapter 13 filing. Id. at ¶ 10.

---

[3] The "Adv. Doc. __" reference is to the number of the item on the docket in the underlying adversary, No. 17-04048-RFN.

After hearing the testimony of debtor and appellant, the bankruptcy judge stated his findings of fact and conclusions of law into the record. Doc. 8-2 at PageID 291-97. On November 30, 2017, he signed the judgment in favor of debtor. Adv. Doc. 18. Appellant filed a motion for new trial, which was denied. Adv. Doc. 37.

III.

Issues on Appeal

Appellant lists three issues on appeal:

1. The bankruptcy court did not correctly analyze and apply the Debtor's core allegation that statute of limitations had run under Texas law.
2. The bankruptcy court did not correctly interpret or apply Texas law regarding the acknowledgment of a debt obligation.
3. The bankruptcy court did not correctly analyze the legal or factual effect of the evidence at trial.

Doc. 9 at PageID 356.

IV.

Standard of Review

To the extent an appeal presents questions of law, the bankruptcy court's judgment is subject to de novo review. In re Renaissance Hosp. Grand Prairie, Inc., 713 F.3d 285, 294 (5th Cir. 2013). Findings of fact are reviewed for clear error. Id. at 293-94. A finding is clearly erroneous only if "on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed," giving due regard to the

4

opportunity of the bankruptcy judge to determine the credibility of the witnesses. Robertson v. Dennis (In re Dennis), 330 F.3d 696, 701 (5th Cir. 2003)(quoting Hibernia Nat'l Bank v. Perez (In re Perez), 954 F.2d 1026, 1027 (5th Cir. 1992)). It is not clearly erroneous if it is plausible in the light of the record read as a whole. Baker Hughes Oilfield Operations, Inc. v. Cage (In re Ramba, Inc.), 416 F.3d 394, 402 (5th Cir. 2005).

V.

Analysis

Pursuant to Tex. Civ. Prac & Rem. Code § 16.035(a), a person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues. Further, on the expiration of the four-year limitations period, the real property lien and power of sale to enforce such lien become void. Tex. Civ. Prac. & Rem. Code § 16.035(d). Appellant now concedes that his first issue is not properly before the court on appeal. Doc. 10 at 10. The record establishes that appellant did not timely bring a suit as described and that limitations has expired such that appellant's lien has become void.[4]

---

[4] This alone appears to defeat the appeal. Nevertheless, the court considers the remaining grounds as though asserted in the alternative.

5

In his second ground, appellant argues that the bankruptcy court failed to properly analyze and apply Texas law as to acknowledgment of a debt. He says that acknowledgment is a defense to limitations and should have been treated as such by the bankruptcy judge. Doc. 10 at 10-11. Instead, the bankruptcy judge determined that acknowledgment is a cause of action in and of itself and not an affirmative defense to limitations. Doc. 8-2 at PageID 291.

The confusion appears to arise out of an evidentiary provision of Texas law, titled "Acknowledgment of Claim," which provides:

> An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged.

Tex. Civ. Prac. & Rem. Code § 16.065. The Texas Supreme Court says that Texas courts have consistently interpreted the statute to require that an acknowledgment (1) be in writing and signed by the party to be charged, (2) contain an unequivocal acknowledgment of the justness or the existence of the particular obligation, and (3) refer to the obligation and express a willingness to honor that obligation. Stine v. Stewart, 80 S.W.3d 586, 591 (Tex. 2002). Additionally, the amount of the obligation the acknowledgment describes must be "susceptible of ready

6

ascertainment." Id. at 591-92 (quoting Stefek v. Helvey, 601 S.W.2d 168, 171 (Tex. App.--Corpus Christi 1980, writ ref'd n.r.e.)). "If an agreement meets these acknowledgment requirements, a party may sue for breach of that agreement." Id. at 592.

To be clear, a party seeking affirmative relief must plead for that relief. See, e.g., CA Partners v. Spears, 274 S.W.3d 51, 67 (Tex. App.--Houston [14th Dist.] 2008, pet. denied); Eldridge v. Collard, 834 S.W.2d 87, 89-90 (Tex. App.--Fort Worth 1992, no writ). Here, however, appellant was not seeking relief but only defending against debtor's contention that foreclosure of the lien was barred by limitations. See Kearns v. Vineyard Bay Dev. Co. (In re Vineyard Bay Dev. Co.), 132 F.3d 269, 271 (5th Cir. 1998); Fullinwider v. VFC Partners 25, LLC (In re Fullinwider), No. 14-34787, 2015 WL 1208033 (S.D. Tex. Mar. 11, 2015).

Whether the bankruptcy court properly determined that appellant was required to affirmatively assert a claim in the adversary proceeding is not determinative, however, since appellant has not shown that the bankruptcy court erred in analyzing the evidence presented. Here, the bankruptcy court found that the elements of acknowledgment were not met. Of the checks offered as proof of a writing by debtor recognizing the debt, only four had notations in the memo line and they were to

7

such things as "the November payment, the December payment, and the house payment." Doc. 8-2 at PageID 293. They did not refer to the note or to payment of interest. Moreover, the amounts paid did not coincide with the payments required by the note.[5] Nor did they correspond with the amount set forth on appellant's amortization schedule (which also did not coincide with the payments to be made on the note).[6] For this reason, the bankruptcy court further found that the amount of the obligation purportedly acknowledged could not be readily ascertained.[7] Id. at 294.

Under Texas law, partial payment of a debt does not constitute an acknowledgment. C&W Asset Acquisition LLC v. Knox, 104 F. App'x 936, 940 (5th Cir. 2004); Gabriel v. Alhabbal, 618 S.W.2d 894, 897 (Tex. App.--Houston [1st Dist.] 1981, writ ref'd n.r.e.). Rather, to constitute an acknowledgment, a payment must be signed and specifically refer to the obligation, for example, by loan number or saying that it is interest on a note. In re

---

[5] Copies of money orders reflect that debtor made a number of $800 payments, two payments of $400, and payments of $72.07, $34.77, and $37.30. Doc. 8-2 at PageID 285-88. She also testified that she made payments higher than $800.00. Id. at 332.

[6] As stated, the note required equal monthly installments of $799.94. Doc. 8-2 at PageID 200. The amortization schedule introduced by appellant reflected scheduled payments of $745.94. Id. at 210.

[7] In addition, the court notes that debtor testified that appellant came twice a month saying he needed money to pay for the house. He constantly tried to intimidate her. Doc. 8-2 at PageID 313. He never gave her receipts or sent notices reflecting that interest had been paid or that any particular amount was owed. Id. at 314-15, 318.

8

Fullinwider, 2015 WL 1208033, at *2; First Nat'l Bank v. Gamble, 132 S.W.2d 100, 101 (Tex. 1939); Roadside Stations, Inc. v. 7HBF, Ltd., 904 S.W.2d 927, 931 (Tex. App.--Fort Worth 1995, no writ). The notations on the payments here are not sufficient to constitute acknowledgments. Nor is debtor's listing of appellant as a creditor sufficient to constitute an acknowledgment. In re Vineyard Bay, 132 F.3d at 271-72 (acknowledgment by a bankruptcy debtor cannot occur without notice, a hearing, and bankruptcy court approval).

VI.

Order

The court ORDERS that the judgment of the bankruptcy court from which appeal is taken be, and is hereby, affirmed.

SIGNED May 4, 2018.

_____
JOHN McBRYDE
United States District Judge